as to which the witness was interrogated, and because it seems from the evidence of both parties that when the driver saw the boy he was too near to prevent the collision with him.

The exposition of the meaning of the word "old-timers," *i. e.*, that the horses were aged and infirm, was proper in rebuttal of the plaintiff's evidence that they had been driven so far and so furiously. We observe no error in the record, and we cannot say that injustice is done by the verdict.

Judgment and order affirmed, with costs. All concur.

---

### RICHE *v.* MARTIN.

*(Common Pleas of New York City and County, General Term.* December 5, 1892.)

APPEAL TO COURT OF APPEALS—WHEN LEAVE GRANTED.

Where plaintiff's recovery is substantially the sum which defendant conceded to be due him on the trial, a motion by defendant for leave to appeal to the court of appeals is without merit.

Action by Pasqual Antonio Riche against Lawrence Martin. Verdict for plaintiff. Defendant moves for leave to appeal to the court of appeals. Motion denied.

For decision on appeal, see 20 N. Y. Supp. 693.

Argued before DALY, C. J., and BISCHOFF and PRYOR, JJ.

*Kellogg, Rose & Smith,* (*Abram J. Rose,* of counsel,) for the motion. *A. C. Astarita,* opposed.

BISCHOFF, J. In view of the fact that plaintiff's recovery is substantially the sum which defendant conceded to be due him on the trial, this motion seems to be without merit. Motion denied, with $10 costs.

---

### STARR CASH CAR CO. *v.* REINHARDT et al.

*(Common Pleas of New York City and County, General Term.* December 5, 1892.)

1. COUNTERCLAIM—WHEN ALLOWED—CONVERSION—WAIVER OF TORT.

Under Code Civil Proc. § 501, subd. 2, providing that in an action on a contract any other cause of action on contract may be interposed as a counterclaim, defendants, in an action for the price of goods sold, may counterclaim for other goods taken without their consent by plaintiff, and applied by plaintiff to his own use, since defendants may waive the tort, and rely on plaintiff's implied contract to pay for the goods.

2. SAME—CLAIMS ARISING FROM SAME TRANSACTION.

Where plaintiff sued for the price of cash cars put up in defendants' store, and defendants, by way of set-off, claimed that, in putting up said cars, plaintiff removed and appropriated defendants' old cash service, the cause of action set up in the counterclaim is not within Code Civil Proc. § 501, subd. 1, providing that a cause of action arising out of the transaction, or connected with the subject of the action, set forth in the complaint, may be interposed as a counterclaim.

Appeal from city court, general term.

Action by the Starr Cash Car Company against Aaron Reinhardt and Henry Reinhardt. Judgment for plaintiff. Defendants appeal. Reversed.

Argued before DALY, C. J., and BISCHOFF and PRYOR, JJ.

*Joseph C. Rosenbaum,* for appellants. *Janeway, Thacher & Richards,* (*Eugene L. Richards,* of counsel,) for respondent.

PRYOR, J. The action is for the purchase price of 15 cash carriers, sold and delivered by the plaintiff to the defendants. The answer, by not denying, admits the price and the sale and delivery of the cash carriers, and then proceeds to plead a counterclaim, as follows: That there was on the premises of the defendants a certain car-system; that when the plaintiff placed its service in the store of the defendants it took to itself the old service of the defendants, and applied the same to its own use and benefit, without the knowledge